**SO ORDERED.**

**SIGNED** this 09 day of November, 2010.

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### WILMINGTON DIVISION

IN RE:

SAID DOMI AMRA,                                    CASE NO. 10-04882-8-JRL
                                                                            Chapter 13
    DEBTOR.

## ORDER

This matter came before the court on the Bankruptcy Administrator's motion for show cause for failure to comply with disclosure requirements of Fed. R. Bankr. P. 2016 and motion for Fed. R. Bankr. P. 2017 examination of debtor's transactions with attorney. The Bankruptcy Administrator seeks heavy sanctions against debtor's counsel including disgorgement of fees, fines, and suspension from practice. A hearing was held on October 20, 2010, in Wilmington, North Carolina.

## BACKGROUND

The debtor has filed chapter 13 bankruptcy five times in the last eight years. Debtor's current counsel, William T. Batchelor, represented him in the two most recent filings. The first was filed on December 22, 2008 and was dismissed by the court on August 14, 2009 for failure to comply with the terms of the chapter 13 plan. It provided that should the debtor file another

petition within one year, the automatic stay may be limited to thirty days or may not go into effect absent a motion and order imposing the stay.  The debtor, represented by Mr. Batchelor, filed again on June 17, 2010 and did not ask the court to extend the automatic stay.  On August 11, 2010 a hearing was held on a motion for relief from stay field by the Charles Miller Trust, which held a secured claim on 26.1 acres in Duplin County, owned by the debtor.  The court entered an order lifting the stay with regard to the property.  However, the creditor was not to hold a foreclosure sale for 60 days to allow the parties to negotiate a settlement.  Six days after the order was entered, the debtor sought voluntary dismissal of the case, which was granted by the court on August 26, 2010.

This motion was filed with respect to the fees received by Mr. Batchelor in relation to the instant filing.  Mr. Batchelor was previously sanctioned by the court on March 12, 2010 for violations of the Bankruptcy Code and Local Bankruptcy Rules regarding compensation and disclosure requirements.  In re Daniels, 2010 Bankr. LEXIS 785 (Bankr. E.D.N.C. Mar. 12, 2010).  The court found Mr. Batchelor had irregular billing practices and procedures.  He often led clients to believe they would be charged the standard base fee and later informed them that additional monies were required for services rendered.  Mr. Batchelor failed to disclose these additional amounts to the court or seek permission to obtain them.  The order required disgorgement of fees and a suspension of filing new petitions in the Eastern District until April 15, 2010.  Since that time, Mr. Batchelor has revamped his standard fee agreement, cooperated with the Bankruptcy Administrator's requests for information, and promptly refunded monies to clients. Based on this behavior, on April 1, 2010 the Bankruptcy Administrator recommended no further sanctions against Mr. Batchelor, stating he "appears to be making a genuine effort to

reform his practice to be in line with both the word and spirit of the Bankruptcy Code/Rules and the NC Code of Professional Conduct for Attorneys."

The Bankruptcy Administrator filed this motion on September 13, 2010 based on information provided by the debtor that Mr. Batchelor received fees related to the debtor's case beyond the $3,000.00 base fee and standard court fees and had not disclosed these payments. At issue are payments totaling $2,075.00, as the parties concede the $3,300.00 paid for the debtor's case and court fees were disclosed and legitimate.

The source of misunderstanding over the $2,075.00 stems from the fact that Mr. Batchelor also agreed to represent the debtor's son, Mohammed Amra, in a bankruptcy filing and various negotiations related to pending foreclosures. The debtor paid his son's legal fees and often spoke with Mr. Batchelor about his and his son's legal issues in a single meeting. The debtor wrote Mr. Batchelor several bad checks for his son's legal fees beginning in March 2010. Mr. Batchelor's demands for proper payment on these checks often coincided with hearing dates scheduled in the debtor's own bankruptcy case.

Turning to the payments in question, on July 15, 2010, the debtor wrote Mr. Batchelor a $500.00 check; however, it was returned for insufficient funds. Although Mr. Batchelor never received this amount from the debtor, a receipt was given. This receipt accounts for part of the $2,075.00 in undisclosed fees listed by the Bankruptcy Administrator in the instant motion. On July 25, 2010, the debtor paid Mr. Batchelor $500.00 in cash towards the fees owed – another payment listed by the Bankruptcy Administrator. Mr. Batchelor filed a response to the motion in the debtor's case four days later.

This timing of payments towards the son's representation at key moments in the debtor's

case occurred throughout August 2010.  Mr. Batchelor asked for further payment on the bad checks at the debtor's §341 meeting in Wilmington on August 4, 2010 and received $500.00 in cash from the debtor.  The debtor paid another $500.00 in cash on August 11, 2010 outside the courtroom at the motion for relief from stay hearing.  The following day the debtor paid $75.00 in cash as a consultation fee to discuss the son's state court issues.  Each of these payments is listed in the Bankruptcy Administrator's motion as an alleged undisclosed payment made toward the debtor's representation.

## DISCUSSION

Although the evidentiary record is murky, the court is ultimately persuaded that the undisclosed payments raised by the Bankruptcy Administrator have sufficient explanation and were not required to be disclosed.  The debtor's testimony was evasive and contradictory, but there is no dispute that Mr. Batchelor represented him in numerous capacities for which insufficient funds were regularly tendered as payment. The amounts challenged by the Bankruptcy Administrator are fairly tied to Mr. Batchelor's non-bankruptcy representation of the debtor and his son.

However, the collection of payments in the debtor's case was not without wrongdoing. Pursuant to Local Bankr. R. 2090-1, which makes Local Civ. R. 83.1 of the United States District Court applicable in this court, the ethical standard governing the practice of law is the North Carolina Revised Rules of Professional Conduct.  Local Civ. R. 83.1(j).  In addition, Local Bankr. R. 9011-3 gives the court discretion to impose sanctions for willful violations of the Local Bankruptcy Rules.  Rule 8.4(c) of the Rules of Professional Conduct defines professional misconduct as engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

Rule 8.4(d) further prohibits conduct that is prejudicial to the administration of justice.

The timing of Mr. Batchelor's demands for payment was reasonably deceiving.  The demands gave the impression that Mr. Batchelor was withholding work on the debtor's case in exchange for payment on his son's matters, even though the debtor had paid the standard base fee.  Additionally, given the strict scrutiny and regulation of attorney's fees in this court, it is prejudicial to the administration of justice for an attorney to demand undisclosed cash payments from a client in connection with hearings in this court, even if for an unrelated purpose.  Although the full range of sanctions sought by the Bankruptcy Administrator is not appropriate based on this unclear record, substantial sanctions are appropriate.

While the court believes Mr. Batchelor has revamped his standard fee structure and practices since the March 12, 2010 order for sanctions, this particular pattern warrants a formal reprimand.  Additionally, Mr. Batchelor is ordered to pay to the clerk of court the amount of $5,000.00 as a monetary sanction for his actions.

**END OF DOCUMENT**